# UNITED STATES DISTRICT COURT

FILED BY_____D.C.

FEB 0 3 2020

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

PAULO RODRIGUEZ

600 NE 36 ST PH-22

MIAMI, FL  33137

       PLAINTIFF

V.                                 NO. _____

BANK OF AMERICA NATIONAL HEADQUARTERS         JURY TRIAL DEMANDED

100 NORTH TRYON

CHARLOTTE, NC  28202

Attn: Owner Personally &/or Registered Agent For receipt of Legal Process Personally

&

CITI- 388-390 Greenwich St. New York, NY 10013 United States

Attn: Owner Personally &/or Registered Agent For receipt of Legal Process Personally

&

AMEX BUSINESS CARD–

Three World Financial Center 200 Vesey Street

New York, NY 10285-4803

1

Attn: Owner Personally &/or Registered Agent For receipt of Legal Process Personally

&

COMERICA - Comerica Bank –

Corporate Headquarters 1601 Elm St #100 Dallas, TX  75201

Attn: Owner Personally &/or Registered Agent For receipt of Legal Process Personally
&
FAIRWINDS CREDIT UNION - 135 W Central Blvd Ste 1220 Orlando, FL 32801

Attn: Owner Personally &/or Registered Agent For receipt of Legal Process Personally
&
CAPITAL ONE-PO BOX 30281 SALT LAKE CITY, UT  84130

 Attn: Owner Personally &/or Registered Agent For receipt of Legal Process Personally
&
NATIONAL UNION FIRE INSURANCE COMPANY (AIG)

175 Water Street

New York, NY   10038

Attn: Owner Personally &/or Registered Agent For receipt of Legal Process Personally

&

UNKNOWN INSURERS OF BANK OF AMERICA, CITI BANK, COMERICA BANK, FAIRWINDS CREDIT UNION,
CAPITAL ONE, AND AMERICAN EXPRESS
Care of BANK OF AMERICA, CITI BANK, COMERICA BANK, FAIRWINDS CREDIT UNION, CAPITAL ONE,
AND AMERICAN EXPRESS Respective Addresses listed above

Attn: Owner Personally &/or Registered Agent For receipt of Legal Process Personally

DEFENDANTS

---

COMPLAINT FOR DECLARATORY RELIEF

AND DAMAGES FOR BANK FRAUD SCAM

---

Plaintiff PAULO RODRIGUEZ ("RODRIGUEZ") files this Complaint against the named Defendant BANK OF AMERICA NATIONAL HEADQUARTERS, CITI BANK, COMERICA BANK, FAIRWINDS CREDIT UNION, CAPITAL ONE, AMERICAN EXPRESS  (jointly hereafter "BANK OF AMERICA, CITI BANK, COMERICA BANK, FAIRWINDS CREDIT UNION, CAPITAL ONE, AMERICAN EXPRESS"), and National Union Fire Insurance Company of Pittsburgh, Pa. ("AIG") together with any unknown other insurer owing coverage for each respectively but not disclosed by name by them to date (jointly "Insurers" hereafter interchangeably).


NATURE OF THE CASE

1.  This is both a Complaint for Declaratory Relief and Damages suit as well as an insurance coverage dispute arising out of the BANK OF AMERICA, CITI BANK, COMERICA BANK, FAIRWINDS CREDIT UNION, CAPITAL ONE, AMERICAN EXPRESS and their Insurers' failure to honor their obligations in Commercial Crime Policies for which BANK OF AMERICA, CITI BANK, COMERICA BANK, FAIRWINDS CREDIT UNION, CAPITAL ONE, AMERICAN EXPRESS paid substantial premiums but they have not

3

properly processed RODRIGUEZS claim, nor reimbursed RODRIGUEZ, nor paid RODRIGUEZ to date any sums that he lost.

2. RODRIGUEZ – as a consumer and retail banking customer and/or consumer credit customer of BANK OF AMERICA, CITI BANK,  CAPITAL ONE, AMERICAN EXPRESS - provided sums to BANK OF AMERICA, CITI BANK, COMERICA BANK, FAIRWINDS CREDIT UNION, CAPITAL ONE, and AMERICAN EXPRESS to process from the account for PAYMENT BY CHECK or otherwise ACH WIRE FROM THE ACCOUNT to a company Called MOBE that BANK OF AMERICA, CITI BANK, COMERICA BANK, FAIRWINDS CREDIT UNION, and CAPITAL ONE were all respectively well aware of the practices of long before RODRIGUEZ came along.

3. On information and Belief BANK OF AMERICA, CITI BANK, COMERICA BANK, FAIRWINDS CREDIT UNION, CAPITAL ONE, and AMERICAN EXPRESS each respectively purchased a primary Commercial Crime Policy from AIG and an Excess Fidelity and Crime Policy from 'An Anonymous undisclosed Insurer' (collectively, the "Policies") to provide coverage for losses arising out of various financial crimes, including computer fraud and other fraudulent transfers of funds.

4. The Named Insured under the Policies is BANK OF AMERICA, CITI BANK, COMERICA BANK, FAIRWINDS CREDIT UNION, CAPITAL ONE, and AMERICAN EXPRESS respectively and regarding claims of its Customers, Account Holders, and Clientele who are impacted by any such fraud and/or claims regarding such fraud. Unless otherwise indicated, references in this Complaint to "AIG" or "INSURERS" means AIG, the Subsidiary, or both of them, and any additional undisclosed insurer owing contribution or primary coverage of claims involved.

5. As a direct result of a targeted consumer Fraud and Multi-level marketing fraud incident, one or more unknown bad actors fraudulently diverted – or caused the diversion of - more than

4

$60,000.00 total collectively in funds that RODRIGUEZ owned, controlled and managed, and which he kept in or moved through or received via loan from BANK OF AMERICA, CITI BANK, COMERICA BANK, FAIRWINDS CREDIT UNION, CAPITAL ONE, AMERICAN EXPRESS consumer account/retail consumer banking checking and/or savings accounts or via credit extension.

6. Despite acknowledging that the Fraud Incident triggered coverage under the Commercial Crime Policy, BANK OF AMERICA, CITI BANK, COMERICA BANK, FAIRWINDS CREDIT UNION, CAPITAL ONE, AMERICAN EXPRESS, and AIG each respectively and/or their insurers together with each of them respectively have wrongfully refused to accept coverage for all of RODRIGUEZ's losses.

7. On information and belief RODRIGUEZ's losses DO NOT exceed the Commercial Crime Policy's limit of liability for any nor all of the Defendants, so they DO NOT trigger coverage under the Excess Fidelity and Crime Policy except perhaps where the primary will not cover or where the claim exceeds coverage and the primary cannot cover.

8. RODRIGUEZ seeks declarations that losses resulting from the Fraud Incident are covered under the Commercial Crime Policy and/or Excess Fidelity and Crime Policy and/or other insurances. RODRIGUEZ also seeks (i) damages for breach of contract due to the insurers and/or AIG's failure to reimburse RODRIGUEZ for losses under the Commercial Crime Policy, (ii) damages for 'An Anonymous undisclosed Insurer's anticipatory breach of contract to reimburse RODRIGUEZ for losses under the Excess Fidelity and Crime Policy or in-effect overlapping or primary coverage obligation, (iii) damages for Insurers and BANK OF AMERICA, CITI BANK, COMERICA BANK, FAIRWINDS CREDIT UNION, and CAPITAL ONE joint and Several violations of the STATE Insurance Code, and (iv) attorneys' fees.

THE PARTIES

9. Plaintiff PAULO RODRIGUEZ is an individual resident of STATE and COUNTY as well a citizen thereof.  RODRIGUEZ is of such age and status that the Consumer protection laws in STATE protect him additionally as a consumer.  RODRIGUEZ  is a natural person within the meaning of the insurance code of STATE, and he is a first party and third party (interlocking) claimant within the meaning of those same laws inasmuch as the BANK OF AMERICA, CITI BANK, COMERICA BANK, FAIRWINDS CREDIT UNION, and CAPITAL ONE Defendants insurances are procured by them respectively for the benefit of protection of themselves and the assets of each individual account holder.  RODRIGUEZ has suffered great harm and injury from a fraud that took away the funds by a fraud scheme that the BANK OF AMERICA, CITI BANK, COMERICA BANK, FAIRWINDS CREDIT UNION, CAPITAL ONE, AMERICAN EXPRESS defendants had knowledge or information of predating what happened to RODRIGUEZ.

10. The Defendants are identified as follows:

a. BANK OF AMERICA, CITI BANK, COMERICA BANK, FAIRWINDS CREDIT UNION, CAPITAL ONE, and AMERICAN EXPRESS are respectively banking and financial institutions with respective headquarters in *Charlotte, North Carolina*, and other areas as listed above, and on information and belief they each respectively provided guidance and national administration for their es in each state and county involved in this suit.

b. On information and belief, Defendant National Union Fire Insurance Company of Pittsburgh, Pa. is an insurance company formed under Pennsylvania law with its principal place of business in

Pennsylvania, and it conducts business in theSTATE. National Union Fire Insurance Company of Pittsburgh, Pa.'s registered agent is located in STATE meaning that they can sue and be sued here though they are diverse.

c. There is another primary or secondary insurer involved who each of the respective Defendants (ie. BANK OF AMERICA, CITI BANK, CAPITAL ONE, FAIRWINDS CREDIT UNION, COMERICA, and AMERICAN EXPRESS) respectively would not identify when asked and AIG would not comment at all when they were contacted directly.  They do business within the state within the jurisdiction of this court.

11. On information and belief, Defendant 'An Anonymous undisclosed Insurer' Insurance Company, Inc. is an insurance company formed under Delaware law with its principal place of business in Delaware, and it conducts business in the State. Said insurer has a registered agent within this STATE.

JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(a)(1) because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

13. This Court has personal jurisdiction over the Defendants because each Defendant is authorized to sell or write insurance in STATE or to do banking business or to extend consumer credit here and, at all material times, has conducted substantial insurance and/or banking business in state, including engaging in the business of marketing and selling retail consumer checking and savings

7

accounts, banking services to the banks account holders such as RODRIGUEZ, and marketing and selling insurance that covers policyholders and activities located in STATE.

14. Venue is proper in this Court under 28 U.S.C. § 1391 because the Defendants are subject to personal jurisdiction in this District and a substantial part of the events or omissions giving rise to the claims occurred in this District.  RODRIGUEZ is in this DISTRICT, the account was procured in this DISTRICT, and the transfers done by the BANK OF AMERICA, CITI BANK, COMERICA BANK, FAIRWINDS CREDIT UNION, CAPITAL ONE, and AMEX Defendant originated in this District of STATE.

15. This Court has the power to declare the parties' rights under 28 U.S.C. § 2201.  And the claims and denial occurred within the last 120 days on a claim made within the limitations periods applicable and fixed by law such that laches, statute of limitations, and other exceptions to suit do not apply. See proof annexed.

FACTUAL BACKGROUND

A. The Insurance Policies

16. AIG and the other Insurer jointly or severally sold BANK OF AMERICA, CITI BANK, COMERICA BANK, FAIRWINDS CREDIT UNION, CAPITAL ONE, AMERICAN EXPRES, AND BANK  OF AMERICA  all respectively a Commercial Crime Policy, similar in type and terms as standard policy No. 01-31715-74, for the policy period covering 2016 through 2019 (the "Primary Crime Policy") during which RODRIGUEZ sustained the losses due to the fraud scheme at issue here.

17. On information and belief The Primary Crime Policy provides a number of Insuring Agreements, including "Computer Fraud" and "Funds Transfer Fraud," usually with a $5 million Limit of Insurance Per Occurrence and a $50,000 deductible.

18. Ordinarily The "Computer Fraud" Insuring Agreement provides as follows: 6. Computer Fraud We will pay for loss of or damage to "money", "securities" and "other property" resulting directly from the use of any computer to fraudulently cause a transfer of that property from inside the "premises" or "banking premises": a. To a person (other than a "messenger") outside those "premises"; or b. To a place outside those "premises". Primary Crime Policy, § A(6).

19. Ordinarily The Primary Crime Policy defines "money" to include "[c]urrency, coins and bank notes in current use and having a face value," while "other property" includes any other tangible

property "that has an intrinsic value." Primary Crime Policy, §§ F(13), (15). 1 A copy of the Primary Crime Policy is attached as Exhibit A. 2 Terms in bold reflect the way they appear in the excerpts quoted from the Policies. Terms in quotation marks are further defined in the Policies.

20. Ordinarily "Banking premises" is defined as "the interior of that portion of any building occupied by a banking institution or similar safe depository." Primary Crime Policy, § F(1).

21. Ordinarily The "Funds Transfer Fraud" Insuring Agreement provides as follows: 7. Funds Transfer Fraud We will pay for loss of "funds" resulting directly from a "fraudulent instruction" directing a financial institution to transfer, pay or deliver "funds" from your "transfer account". Primary Crime Policy, § A(7).

22. Ordinarily "Funds" includes "money" as that term is defined in the Primary Crime Policy. Primary Crime Policy, § F(9).

23. Ordinarily The Primary Crime Policy also broadly defines "Fraudulent instruction" as follows: 8. "Fraudulent instruction" means: a. An electronic, telegraphic, cable, teletype, telefacsimile or telephone instruction which purports to have been transmitted by you, but which was in fact

fraudulently transmitted by someone else without your knowledge or consent; b. A written
instruction (other than those described in Insuring Agreement A.2.) issued by you, which was
forged or altered by someone other than you without your knowledge or consent, or which
purports to have been issued by you, but was in fact fraudulently issued without your knowledge
or consent; or c. An electronic, telegraphic, cable, teletype, telefacsimile, telephone or written
instruction initially received by you which purports to have been transmitted by an "employee"
but which was in fact fraudulently transmitted by someone else without your or the "employee's"
knowledge or consent. Primary Crime Policy, § F(8).  Implied in the policy also are funds procured,
or property procured, under false pretenses or by trick, artifice, and/or device.

24. Ordinarily, The Primary Crime Policy covers loss to both property that BANK OF AMERICA, CITI
BANK, COMERICA BANK, FAIRWINDS CREDIT UNION, CAPITAL ONE, AMERICAN EXPRESS "own[s]"
and property that RODRIGUEZ "hold[s] for others whether or not [RODRIGUEZ or BANK OF
AMERICA, CITI BANK, COMERICA BANK, FAIRWINDS CREDIT UNION, CAPITAL ONE, AMERICAN
EXPRESS HEADQUARTERS AND BANK OF AMERICA   is] legally liable for the loss of such property."
See standard Primary Crime Policy, § E(1)(p). Those phrases are not defined, so they must be
interpreted using their common and ordinary meanings.

25. 'An Anonymous undisclosed Insurer' sold BANK OF AMERICA, CITI BANK, COMERICA BANK,
FAIRWINDS CREDIT UNION, CAPITAL ONE, and AMERICAN EXPRESS an Excess Fidelity and Crime
Policy, similar in type and terms to No. V227E9180101, for the policy period of 2016 through 2019
(the "Excess Crime Policy").

26. Ordinarily The Excess Crime Policy provides up to $5 million in coverage above the Primary Crime Policy's limit "for any loss which triggers coverage under the [Primary Crime Policy]." Excess Crime Policy, § I.

B. The Fraud Incident

27. In the manner described herein above and below the accused jointly and severally circumvented the intent of the law without violating the wording with the tendency or having the quality of misleading consumers – specifically Rodriguez – and even after it was obvious that this was the result they took no decisive and protective action to notify the consumers or to keep them from harm and loss.

28. BANK OF AMERICA, CITI BANK, AMERICAN EXPRESS, COMERICA BANK, FAIRWINDS CREDIT UNION, CAPITAL ONE, and AMERICAN EXPRESS respectively manages and controls the clients' entire payment process for this portion of the Subsidiary's business through its complete and sole control of the Subsidiary's web portal, the API used to transmit PAYMENT BY CHECK ETC FROM THE ACCOUNT payment information, and the configuration of client bank account information within the third-party software application. Neither clients nor the PAYMENT BY CHECK ETC FROM THE ACCOUNT recipient have any relationship with the third-party software application or the application's provider, any ability to affect how the portal processes payment information, or any ability to dictate what application used, if any, for a funds processing mechanism. They never see or communicate with the third party software application, they cannot log into that application, and they cannot change the disbursement instructions within that application. Each creditor/bank/lender alone controls the payments that it holds for clients throughout the process

of receiving such funds through the wiring process portal, to the clearing account, and then to the receiving bank and/or bank accounts.

29. Over the last 3 years, one or more unauthorized parties (the "Perpetrator(s)") used a multi-level marketing scheme to obtain and to alter the account credentials of RODRIGUEZ and to cause him to allow that the bank forward the FUNDING funds to their bank. The Perpetrator(s) used those credentials to access the third-party software application to change certain bank account disbursement instructions provided and BANK OF AMERICA, CITI BANK, COMERICA BANK, FAIRWINDS CREDIT UNION, CAPITAL ONE, and AMERICAN EXPRESS each respectively knew about the multi-level marketing fraud scheme of MOBE long before RODRIGUEZ ever came along however they never informed  RODRIGUEZ at any time during transactions between the account and MOBE which they each controlled.  By changing those instructions, the Perpetrator(s) diverted more than $60K that had been collected and saved by RODRIGUEZ before the funds were disbursed to several clients or one in receiving institutions.

30. Despite RODRIGUEZ's loss as a result of the Fraud Incident, RODRIGUEZ has attempted to amicably resolve the matters with BANK OF AMERICA, CITI BANK, COMERICA BANK, FAIRWINDS CREDIT UNION, CAPITAL ONE, and AMERICAN EXPRESS through their CLAIMS PROCESSING program for recovery from Fraud.  RODRIGUEZ lost more than $60K that was never recovered and claims entitlement to treble damages for the Defendants joint and several deliberate indifference, participation through inaction, and failure to process and reverse funds to RODRIGUEZ.

C. RODRIGUEZ's Coverage Claim

32. The Primary Crime Policy and Excess Crime Policy under the insurers to the benefit of BANK OF AMERICA and is clientele and account holders were all in effect at all relevant times.

33. RODRIGUEZ gave notice of the Fraud Incident under the Policies, asked for a claim number, asked for the claims processor/adjuster, and asked for any appeals process upon any denial.

34. RODRIGUEZ provided extensive information to the BANK OF AMERICA, CITI BANK, COMERICA BANK, FAIRWINDS CREDIT UNION, CAPITAL ONE, AND AMEX folks respectively and Insurers/AIG as requested, orally and in writing, and submitted a formal proof of loss in 2018, and 2019.

35. In response, BANK OF AMERICA, CITI BANK, COMERICA BANK, FAIRWINDS CREDIT UNION, CAPITAL ONE, AMERICAN EXPRESS and the Insurers/AIG wrongly denied coverage and put their own joint and several interests above those of the retail checking account consumer RODRIGUEZ, all in breach of its duties to RODRIGUEZ.

36. On information and belief BANK OF AMERICA, CITI BANK, COMERICA BANK, FAIRWINDS CREDIT UNION, CAPITAL ONE, AMERICAN EXPRESS and the insurers/AIG sent a letter admitting that the Fraud Incident triggered coverage under the Primary Crime Policy's Computer Fraud insuring agreement or other insurance provision.

37. However, the insurer and/or AIG accepted coverage only for a limited portion of MOBE related losses and none of RODRIGUEZ's losses consisting of diverted funds and funds procured out of RODRIGUEZS account/debit account through PAYMENT BY CHECK ETC FROM THE ACCOUNT under false pretenses.

38. Insurers and/or AIG wrongfully asserted or found or BANK OF AMERICA, CITI BANK,

BANK,  COMERICA BANK, FAIRWINDS CREDIT UNION, CAPITAL ONE, and AMERICAN EXPRESS
CONCLUDED WRONGLY that the Primary Crime Policy does not cover RODRIGUEZ's losses
consisting of diverted funds and funds procured through other fraudulent means.

39. RODRIGUEZ provided BANK OF AMERICA, CITI BANK, COMERICA BANK, FAIRWINDS CREDIT UNION,
CAPITAL ONE, AMERICAN EXPRESS and the insurers and/or AIG with clear and undisputed
information concerning the fraud and its nature and occurrence, and payment of the funds at
issue, all of which demonstrate that the funds were diverted, which information demonstrated
RODRIGUEZ's right to coverage for her claims and/or recovery. However, BANK OF AMERICA, CITI
BANK, COMERICA BANK, FAIRWINDS CREDIT UNION, CAPITAL ONE, AMERICAN EXPRESS and the
Insurers and/or AIG ignored and mischaracterized this information and wrongfully denied
coverage that rightfully exists under the Primary Crime Policy (and the Excess Crime Policy).

40. Notwithstanding AIG's wrongful position, RODRIGUEZ continued to work with AIG, including by
providing additional information and explanation at AIG's AND THE BANKS request and offering to
further discuss the claim with AIG.

41. However, the insurers and/or AIG by and through BANK OF AMERICA, CITI BANK, COMERICA BANK,
FAIRWINDS CREDIT UNION, AMEX, and CAPITAL ONE denials reiterated its erroneous coverage
position and continues to refuse to provide substantial benefits under the Primary Crime Policy,
and if the insurers has not denied RODRIGUEZ then BANK OF AMERICA, CITI BANK, COMERICA
BANK, FAIRWINDS CREDIT UNION, AMEX, and CAPITAL ONE position is unwarranted and they have
violated the insurance claim processing laws of the STATE which is widely known law in their
claims processing departments.

14

42. Even though RODRIGUEZ's losses DO NOT exceed the Primary Crime Policy's limit, 'An Anonymous undisclosed Insurer' has also provided no benefits under the Excess Crime Policy in connection with the Fraud Incident, where they have a duty to contribute or cover primarily any sums not covered by the primary insurance carriers.

43. On information and belief RODRIGUEZ has complied with all of the Policies' provisions to the extent required by law and has repeatedly stated disagreement with insurers and/or AIG's and/or BANK OF AMERICA, CITI BANK, COMERICA BANK, FAIRWINDS CREDIT UNION, CAPITAL ONE , and AMEX positions.

44. BANK OF AMERICA, CITI BANK, COMERICA BANK, FAIRWINDS CREDIT UNION, CAPITAL ONE, AMERICAN EXPRESS and The Insurers' refusal to pay is wrongful and constitutes a breach of the Policies which in turn is violating RODRIGUEZS right of recovery and he is harmed and injured by it.

CAUSES OF ACTION

A. Declaratory Relief (Against AIG and/or insurers and/or BANK OF AMERICA, CITI BANK, COMERICA BANK, FAIRWINDS CREDIT UNION, CAPITAL ONE, and AMERICAN EXPRESS)

45. RODRIGUEZ repeats and re-alleges the allegations set forth in Paragraphs 1 through 44.

46. AIG and/or the insurers and/or BANK OF AMERICA, CITI BANK, COMERICA BANK, FAIRWINDS CREDIT UNION, CAPITAL ONE, AMERICAN EXPRESS agreed, implicitly and by acquiring the insurances to cover such incidents as those which deprived RODRIGUEZ of her funds and Recovery thereof, to indemnify BANK OF AMERICA, CITI BANK, COMERICA BANK, FAIRWINDS CREDIT UNION, CAPITAL ONE, AMERICAN EXPRESS and RODRIGUEZ for losses incurred as a result of Computer

15

Fraud or Funds Transfer Fraud as provided under the Primary Crime Policy and other insurances applicable.

47. RODRIGUEZ suffered covered losses under the Primary Crime Policy and other insurances applicable in connection with the Fraud Incident.

48. RODRIGUEZ has complied with all terms, conditions and prerequisites to coverage under the Primary Crime Policy to the extent required by law and other insurances applicable, and he complied with the BANK OF AMERICA, CITI BANK, COMERICA BANK, FAIRWINDS CREDIT UNION, CAPITAL ONE, and AMERICAN EXPRESS reporting requirements as to filing to recover from the fraud incident.

49. The insurers and/or AIG and/or BANK OF AMERICA, CITI BANK, COMERICA BANK, FAIRWINDS CREDIT UNION, CAPITAL ONE, AMERICAN EXPRESS improperly refused to reimburse RODRIGUEZ for the losses.

50. An actual and justifiable controversy exists between RODRIGUEZ and named defendants and the insurers and/or AIG concerning their respective rights and obligations generally and the rights and obligations under the Primary Crime Policy, including the insurers and/or BANK OF AMERICA, CITI BANK, COMERICA BANK, FAIRWINDS CREDIT UNION, CAPITAL ONE, AMEX, and/or AIG's obligation and refusal to provide coverage/compensation to RODRIGUEZ for its losses in connection with the Fraud Incident.

51. The controversy is ripe and of sufficient immediacy to justify the issuance of a declaratory judgment. The issuance of declaratory relief and subsequent compliance by the insurers and/or

BANK OF AMERICA, CITI BANK, COMERICA BANK, FAIRWINDS CREDIT UNION, CAPITAL ONE, AMEX, and/or AIG should be sufficient to resolve the existing controversy between RODRIGUEZ and as well as all express and implied Defendants in this cause of action.

52. Pursuant to 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57, RODRIGUEZ seeks a declaratory judgment that the Primary Crime Policy and other policies of AIG and/or other insurers/insurances covers RODRIGUEZ's losses in connection with the Fraud Incident.

B. Declaratory Relief (Against 'An Anonymous undisclosed Insurer')

53. RODRIGUEZ repeats and re-alleges the allegations set forth in Paragraphs 1 through 52.

54. 'An Anonymous undisclosed Insurer' agreed to indemnify BANK OF AMERICA, CITI BANK, COMERICA BANK, FAIRWINDS CREDIT UNION, CAPITAL ONE, AMERICAN EXPRESS and THUSLY RODRIGUEZ as a retail consumer credit and consumer account holder for losses in excess of the Primary Crime Policy, as provided under the Excess Crime Policy, and duty of contribution or primary coverage under the unknown policy.

55. On information and belief RODRIGUEZ suffered covered losses under the Excess Crime Policy in connection with the Fraud Incident.

56. On information and belief RODRIGUEZ complied with all terms, conditions and prerequisites to coverage under the Excess Crime Policy to the extent required by law.

57. 'An Anonymous undisclosed Insurer' and/or BANK OF AMERICA, CITI BANK, COMERICA BANK, FAIRWINDS CREDIT UNION, CAPITAL ONE, AMERICAN EXPRESS has improperly refused to provide coverage to RODRIGUEZ and as such has not reimbursed RODRIGUEZ for funds lost via Fraudulent

and/or fraudulently procured PAYMENT BY CHECK ETC FROM THE ACCOUNT or otherwise

forwarded to an entity that BANK OF AMERICA, CITI BANK, COMERICA BANK, FAIRWINDS CREDIT

UNION, CAPITAL ONE, and AMERICAN EXPRESS had knowledge, information, and belief regarding

the said receiving entity defrauding consumer credit and consumer banking customers.

58. An actual and justifiable controversy exists between RODRIGUEZ and 'An Anonymous undisclosed

Insurer' concerning their respective rights and obligations under the Excess Crime Policy, including 'An

Anonymous undisclosed Insurer's obligation and refusal to provide coverage to RODRIGUEZ for its

losses in connection with the Fraud Incident.

59. The controversy is ripe and of sufficient immediacy to justify the issuance of a declaratory

judgment. The issuance of declaratory relief and subsequent compliance by 'An Anonymous

undisclosed Insurer' should be sufficient to resolve the existing controversy between RODRIGUEZ

and 'An Anonymous undisclosed Insurer' in this cause of action.

60. Pursuant to 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57, RODRIGUEZ seeks a

declaratory judgment that the Excess Crime Policy covers RODRIGUEZ's losses in connection with

the Fraud Incident.

C. Breach of Contract (Against AIG and/or insurers and/or BANK OF AMERICA, CITI BANK,

BANK,  COMERICA BANK, FAIRWINDS CREDIT UNION, CAPITAL ONE, AMERICAN EXPRESS)

61. RODRIGUEZ repeats and re-alleges the allegations set forth in Paragraphs 1 to 60.

62. The Primary Crime Policy is a valid and enforceable contract between BOA and AIG and/or insurers

and where the failure to observe that contract it impacts a banking client the client may institute

proceedings to make the respective competing parties hash out their differences and to find which party is at fault and who is responsible for making RODRIGUEZ whole.

63. AIG and the insurers was and is required to indemnify BANK OF AMERICA, CITI BANK, COMERICA BANK, FAIRWINDS CREDIT UNION, CAPITAL ONE, AMERICAN EXPRESS and thusly RODRIGUEZ for losses resulting from the Fraud Incident under the terms of the Primary Crime Policy and other coverages in place.

64. RODRIGUEZ complied with all terms, conditions and prerequisites to coverage under the Primary Crime Policy to the extent required by law, or was excused from doing so.  And BANK OF AMERICA, CITI BANK, COMERICA BANK, FAIRWINDS CREDIT UNION, CAPITAL ONE, AMERICAN EXPRESS is believed to have complied with all terms, conditions, and prerequisites to coverage of RODRIGUEZS claims under the insurances in place. Or they did not.  Either way RODRIGUEZ was not reimbursed on his claim duly presented.

65. The insurers and/or AIG wrongfully denied coverage to BOA and thusly RODRIGUEZ for losses resulting from the Fraud Incident in breach of the Primary Crime Policy.

66. RODRIGUEZ has incurred significant losses in connection with the Fraud Incident and its claim, including the diverted funds, loss of use, loss of confidence in banking and financial institutions of America, and costs and fees of pursuing these matters despite being discouraged by the BANK OF AMERICA Defendants and AIG and other insurers.

67. As a direct and proximate result of  the Insurers and/or AIG's breach of the Primary Crime Policy, and BANK OF AMERICA, CITI BANK,  COMERICA, FIARWINDS, AMEX, and CAPITAL ONE failure in

claims processing and awards, RODRIGUEZ has suffered and will continue to suffer monetary damages in an amount to be determined at trial.

D. Anticipatory Breach of Contract (Against 'An Anonymous undisclosed Insurer' and BANK OF AMERICA DEFENDANTS)

68. RODRIGUEZ repeats and re-alleges the allegations set forth in Paragraphs 1 through 67.

69. The Excess Crime Policy is a valid and enforceable contract between The insurers and BANK OF AMERICA, CITI BANK, COMERICA BANK, FAIRWINDS CREDIT UNION, CAPITAL ONE, AMEX, and/or AIG which operates to the Benefit of account holders subjected to named frauds like RODRIGUEZ.

70. Ordinarily The Excess Crime Policy "follows form" to the Primary Crime Policy, ordinarily stating that it provides coverage "for any loss which triggers coverage under the [Primary Crime Policy]."

71. RODRIGUEZ complied with all terms, conditions and prerequisites to coverage under the Primary Crime Policy to the extent required by law, or was excused from doing so. And on information and belief BANK OF AMERICA, CITI BANK, BANK, CAPITAL ONE, and AMERICAN EXPRESS complied with all terms, conditions, and prerequisites to coverage and granting of claims.

72. RODRIGUEZ has incurred significant losses in connection with the Fraud Incident and its claim, including the diverted funds, NOT in excess of the limit of the Primary Crime Policy but triggering the duty of the other policies to contribute and cover what any other insurer did not or would not it is believed.

73. As a direct and proximate result of BANK OF AMERICA, CITI BANK, COMERICA BANK, FAIRWINDS CREDIT UNION, CAPITAL ONE, AMEX, and 'An Anonymous undisclosed Insurer's anticipatory breach of the Excess Crime Policy, RODRIGUEZ has suffered and will suffer monetary damages in an amount to be determined at trial.

E. Violation of STATE Insurance Code

75. RODRIGUEZ repeats and re-alleges the allegations set forth in Paragraphs 1 through 74.

76. AIG and the other anonymous insurer violated STATE Insurance Code by engaging in prohibited unfair insurance practices with respect to RODRIGUEZ's claim, including by failing to attempt in good faith to effectuate a prompt, fair and equitable settlement of the claim once liability had become reasonably clear.

77. As a result of BANK OF AMERICA, CITI BANK, COMERICA BANK, FAIRWINDS CREDIT UNION, CAPITAL ONE, AMEX, and AIG and the other anonymous insurers unfair insurance practices, RODRIGUEZ has suffered and will continue to suffer monetary damages, including court costs and attorneys' fees in this coverage action, in an amount to be determined at trial.

78. AIG and the other anonymous insurer and/or BANK OF AMERICA, CITI BANK, COMERICA BANK, FAIRWINDS CREDIT UNION, CAPITAL ONE, AMERICAN EXPRESS Are all jointly and severally believed to be also liable to RODRIGUEZ for up to three times the actual damages sustained by RODRIGUEZ for  knowing commission of these unfair insurance practices by all subject to claims processing laws named herein and as per the circumstances involved.

F. Violation of STATE Insurance Code

79. RODRIGUEZ repeats and re-alleges the allegations set forth in Paragraphs 1 through 78.

80. AIG and the other anonymous insurer violated STATE Insurance Code by failing to comply with the deadlines imposed, including by failing to pay RODRIGUEZ's losses within the time required under

STATE Insurance Code after receiving all the information reasonably requested and required.

81. As a result of its violations of the STATE Insurance Code all Defendants may be and should be found jointly and severally liable to pay to RODRIGUEZ 15% interest per year (per violation) on the amount of its claim as damages, in an amount to be determined at trial.

82. All parties are jointly and severally also liable to RODRIGUEZ for attorneys' fees for this action, in an amount to be determined at trial.

JURY DEMAND

RODRIGUEZ requests a trial by jury for all issues so triable.

RELIEF SOUGHT

RODRIGUEZ respectfully requests favorable judgment as follows:

a. For declaratory judgment that RODRIGUEZ suffered covered losses that The Insurers are obligated to pay and that BANK OF AMERICA, CITI BANK, COMERICA BANK, FAIRWINDS CREDIT UNION, CAPITAL ONE, and AMEX were liable to see to the processing and payment on;

b. For declaratory judgment that RODRIGUEZ suffered covered losses that 'An Anonymous undisclosed Insurer' is obligated to pay under the Excess Crime Policy or contribution due;

c. For all actual damages arising from breach of contract, in amounts to be shown at trial and treble damages as permitted by the law and circumstances AND FOR AN ORDER COMPELLING THE ADJUSTMENT OF THE NEGATIVE REPORTING THAT HAS GONE OUT TO CREDIT BUREAUS REGARDING THESE MATTERS AND THE ACCOUNTS IMPACTED BY THEM;

d. For all damages recoverable under the STATE Insurance Code AND NOT LESS THAN $100K PUNITIVE DAMAGES FOR VIOLATION OF CLEARLY AND WIDELY KNOWN LAW;

e. For attorneys' fees, costs and recoveries allowable in law under this action; and

f. For such other and further relief as the Court deems just and proper.

Dated: December 18th, 2019

Respectfully submitted,

PAULO RODRIGUEZ

600 NE 36 ST PH-22

MIAMI, FL 33137

AFFIDAVIT IN VERIFICATION

I, PAULO RODRIGUEZ, DO HEREBY STATE ALL HEREIN AS TRUTH SWORN UNDER PENALTY OF PERJURY
UNDER THE STATE LAWS AND RECORD/CLAIMS ACCURACY LAWS THIS 12/18/19.

1.    I AM OVER AGE 18.

2.    ALL SET FORTH HEREIN AND ABOVE AND ANNEXED ARE TRUTH AND TO THE
EXTENT ANYTHING IS ON INFORMATION AND BELIEF IT IS BELIEVED TO BE
TRUTH.

3.    IF CALLED TO REPEAT ANY OF IT I WOULD, AND I WOULD LIKE EVERYONES
INSURANCES ASAP.

4.    I AM A FIRST-HAND WITNESS AND VICTIM OF ALL EXPLAINED.

5.    THE ATTACHED DOCUMENTS, IF ANY, ARE ORIGINALS FROM MY PERSONAL
RECORDS.

6.    I HAVE NEVER SEEN ANY PROOF OR EVIDENCE THAT AFFIDAVITS ARE NOT
PRIMA FACIE PROOF  OF THE TRUTH AND ACCEPTED AS SUCH IN THESE COURTS. AND,
I HAVE NEVER SEEN ANY PROOF OR EVIDENCE THAT THE TRUTH IS NOT AS I'VE
STATED HEREIN  ABOVE AND AS ATTACHED AND I DO NOT BELIEVE THAT ANY PROOF
AND EVIDENCE EXISTS TO DEMONSTRATE THE TRUTH IS OTHER THAN STATED AND
REQUIRE STRICT PROOFS IF ANY SUGGESTS

*In Witness here of, I hereunto set my hand and official seal.*

Signed/ x _____ [L.S./SEAL]

PAULO RODRIGUEZ

*On this, the 27th day of January 2020, before me a notary public, the undersigned officer personally known to me to be the person whose name is subscribed to the within instrument and acknowledged that she executed the same for the purposes therein contained.*

KATHY MENDOZA
Notary Public - State of Florida
Commission # FF 941775
My Comm. Expires Dec 7, 2019

Exp: Jan 13, 2024

PROOF OF SERVICE:

I do hereby swear that a true and correct copy of the above and attachments are forwarded to the

court via usps CERT. MAIL RRR postage prepaid FOR PROCESSING AND INITIATION OF CASE FILE

NUMBER AND GENERATION OF SUMMONSES TO BE SERVED and the parties in and of interest listed in

the case (state) including the agency business owner/head personally by forwarding to the business

addresses thereof and as stated in the case on this date or by hand delivery provided it to the same.

All prepaid.  Sworn under penalty of perjury under the laws of the STATE.  IT IS ASKED

THAT YOU WAIVE SERVICE BY NOTICE TO ME IN WRITING TO SAVE US THE COST OF SERVING YOU OR

IF YOU WOULD REQUIRE SERVICE IN A SPECIAL FASHION TO A DIFFERENT LOCATION OR PERSON

PLEASE LET US KNOW IN WRITING IMMEDIATELY, IF WE ARE ABLE TO REACH A NEGOTIATED

RESOLUTION NO SUIT WILL BE INITIATED AGAINST YOU OR IF INITIATED IT WILL BE DISMISSED

VOLUNTARILY.  IF WE DO NOT HEAR FROM YOU WE WILL GET SUMMONSES AND SUBPOENA DUCES

TECUMS AND SERVE YOU.   Sworn per 28 USC 1746.

SS: /s/ x _____ [L.S./SEAL] date done _____

PAULO RODRIGUEZ

600 NE 36 ST PH-22  MIAMI, FL 33137



KATHY MENDOZA
Notary Public - State of Florida
Commission # FF 941775
My Comm. Expires Dec 7, 2019

Exp: Jan 13, 2024

24